**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF INDIANA**
**INDIANAPOLIS DIVISION**

| | |
|---|---|
| SHAWN ENGLAND, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| vs. | ) Case No. 1:17-cv-0461-SEB-TAB |
| | ) |
| SUPERINTENDENT, | ) |
| | ) |
| Respondent. | ) |

**Entry Denying Petition for Writ of Habeas Corpus**
**and Directing Entry of Final Judgment**

The petition of Shawn England for a writ of habeas corpus challenges a prison disciplinary

proceeding identified as No. REF 16-09-0002. For the reasons explained in this entry, Mr.

England's habeas petition must be **denied**.

**A. Overview**

Prisoners in Indiana custody may not be deprived of credit time, *Cochran v. Buss,* 381 F.3d

637, 639 (7th Cir. 2004), or of credit-earning class, *Montgomery v. Anderson*, 262 F.3d 641, 644-

45 (7th Cir. 2001), without due process. The due process requirement is satisfied with the issuance

of advance written notice of the charges, a limited opportunity to present evidence to an impartial

decision maker, a written statement articulating the reasons for the disciplinary action and the

evidence justifying it, and "some evidence in the record" to support the finding of guilt.

*Superintendent, Mass. Corr. Inst. v. Hill,* 472 U.S. 445, 454 (1985); *Wolff v. McDonnell,* 418 U.S.

539, 570-71 (1974); *Piggie v. Cotton,* 344 F.3d 674, 677 (7th Cir. 2003); *Webb v. Anderson,* 224

F.3d 649, 652 (7th Cir. 2000).

## B. The Disciplinary Proceeding

On August 26, 2016, Correctional Officer Rmalia wrote a Report of Conduct in case REF 16-09-0002 charging Mr. England with a violation of codes B240/231 aiding or abetting/ intoxicants. The conduct report states:

> On the date of 08/26/2016 at approximately 1015PM I Ofc. Rmalia was conducting a security check on unit 1. During my round, I observed Resident England, Shawn M 252005 and three other residents gathered inside U1S-1. The housing unit smelled of smoke and all four residents appeared to be intoxicated. Resident England was immediately escorted to the shift office for a urinalysis test. During my follow up search of housing unit U1S-1, I found a small plastic bag containing a green leafy substance, underneath a pillow that occupied the housing area bed. The plastic bag was confiscated and secured in evidence locker #5.

Dkt. 9-1.

On September 8, 2016, Mr. England was notified of the charge and was given a copy of the conduct report and the Notice of Disciplinary Hearing "Screening Report." He was notified of his rights and pled not guilty. He requested a lay advocate and requested to call James Russell, #863550, Jacob Campbell, #245611, and Michael Christian, #945441 as witnesses. Dkts. 9-3, 9-4, 9-5, and 9-6. Offender James Russell provided a statement that they were his intoxicants. Dkt. 9-3. Offenders Campbell and Christian denied having possession of or knowing of the presence of intoxicants. Dkts. 9-4, 9-5. Mr. England requested as evidence "anything showing he had contact with drug." Dkt. 9-2.

The hearing officer conducted a disciplinary hearing on September 19, 2016. Mr. England provided the following statement: "I didn't know anything about what was in his room." The hearing officer found Mr. England guilty of the charge aiding or abetting intoxicants. In making this determination, the hearing officer considered the staff reports and the offender's statement. Based on the hearing officer's recommendations the following sanctions were imposed: a written reprimand; a 45-day deprivation of earned credit time and a demotion from credit class 2 to credit

class 3. The hearing officer recommended the sanctions because of seriousness of the violation, the offender's attitude and demeanor during the hearing, and the likelihood of the sanctions having a corrective effect on the offender's future behavior. Dkt. 9-7.

Mr. England appealed the disciplinary proceeding through the administrative process. His appeals were denied. He now seeks relief pursuant to 28 U.S.C. § 2254 arguing that his due process rights were violated.

## C. Analysis

Mr. England brings the following claims for habeas relief: 1) Offender James Russell admitted the intoxicants were his and that the intoxicants were not found in Mr. England's cell; and, 2) he was denied evidence.

First, Mr. England challenges the sufficiency of the evidence. The "some evidence" evidentiary standard in this type of case is much more lenient than "beyond a reasonable doubt" or even "by a preponderance." *See Moffat v. Broyles*, 288 F.3d 978, 981 (7th Cir. 2002) (hearing officer in prison disciplinary case "need not show culpability beyond a reasonable doubt or credit exculpatory evidence."). The "some evidence" standard requires "only that the decision not be arbitrary or without support in the record." *McPherson v. McBride*, 188 F.3d 784, 786 (7th Cir. 1999).

Mr. England argues there was no evidence that the intoxicants belonged to him. Offender Russell admitted the intoxicants were his and the intoxicants were not found in Mr. England's cell and were hidden out of sight and found under a pillow. Mr. England was written up on aiding and abetting/intoxicants and found guilty.

Offense 231 Intoxicants is defined as:

Making or possession intoxicants, or being under the influence of any intoxicating substance (e.g., alcohol, inhalants).

Offense 240 Conspiracy/Attempting/Aiding or Abetting (Class B) is defined as:

Attempting to commit any Class B offense; aiding, commanding, inducing, counseling, procuring or conspiring with another person to commit any Class B offense.

The evidence shows that Officer Rmaila was conducting a security check and saw Mr. England and three other residents gathered inside a room that smelled of smoke. All four residents appeared to be intoxicated so he ordered Mr. England to undergo a urinalysis test. During a subsequent search of the room, a leafy green substance was found under a pillow.

The respondent argues that Mr. England is asking this Court to reweigh the evidence. This is an invitation the Court must reject. In reviewing the sufficiency of the evidence, "courts are not required to conduct an examination of the entire record, independently assess witness credibility, or weigh the evidence, but only determine whether the prison disciplinary board's decision to revoke good time credits has some factual basis." *McPherson v. McBride*, 188 F.3d 784, 786 (7th Cir. 1999). Here, Mr. England was discovered in a cell that smelled of smoke and he appeared intoxicated. As such, the evidence was sufficient to support the guilty finding that Mr. England was under the influence of intoxicants.

Second, Mr. England argues he was denied evidence. Specifically, he complains that at screening, he requested video or physical evidence to show the intoxicants were his. No such evidence was provided during the disciplinary process. Mr. England is not arguing that he was denied specific evidence that he requested or that exculpatory evidence existed that was not provided; therefore, his argument that he was denied evidence is properly viewed as a challenge to the sufficiency of the evidence. For the reasons set forth above, there was some evidence to support the disciplinary hearing officer's argument that Mr. England possessed intoxicants.

**D. Conclusion**

"The touchstone of due process is protection of the individual against arbitrary action of the government." *Wolff,* 418 U.S. at 558. There was no arbitrary action in any aspect of the charge, disciplinary proceedings, or sanctions involved in the events identified in this action, and there was no constitutional infirmity in the proceedings. Accordingly, Mr. England's petition for a writ of habeas corpus must be **denied.** Judgment consistent with this Entry shall now issue.

    **IT IS SO ORDERED.**


Date:      1/8/2018     

                    SARAH EVANS BARKER, JUDGE
                    United States District Court
                    Southern District of Indiana


Distribution:

SHAWN ENGLAND
252005
PLAINFIELD - CF
PLAINFIELD CORRECTIONAL FACILITY
Electronic Service Participant – Court Only

Marjorie H. Lawyer-Smith
INDIANA ATTORNEY GENERAL
marjorie.lawyer-smith@atg.in.gov